# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HENRY RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>C. LEWIS, et al.,<br><br>    Defendants. | Case No.  1:15-cv-01215-LJO-BAM-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND DENYING REQUEST TO STAY THIS ACTION<br><br>[ECF NO. 9] |

Plaintiff Rodriguez is a Fresno County Jail inmate appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 26, 2015, Plaintiff filed a motion for the appointment of counsel. (ECF No. 9.) Plaintiff also seeks to stay this action until he has been released from the custody of the Fresno County Jail.

Plaintiff is advised that there is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 195(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court has considered Plaintiff's moving papers, but does not find the required exceptional circumstances.  <u>LaMere v. Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991).  Plaintiff is proceeding on a claim of excessive force and the legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his arguments in the complaint filed in this action.  Plaintiff argues that it is difficult for him to obtain information and needs the appointment of counsel.  In forma pauperis status alone does not alone entitle Plaintiff to appointed counsel.  That it is difficult for Plaintiff to obtain information does not constitute exceptional circumstances.

While a pro se litigant may be setter served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist.  <u>Rand</u>, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. §1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better – particularly in the realm of discovery and the securing of expert testimony.")

Plaintiff also seeks to stay this action pending his release from Fresno County Jail.  Plaintiff makes no argument or showing as to why this action should be stayed other than the inconvenience of incarceration.  Plaintiff is advised that the Court will not stay this action pending Plaintiff's release from custody.  Plaintiff initiated this action, and is responsible for prosecuting it.  The fact of incarceration does not justify a stay of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel is DENIED.

2. Plaintiff's request for a stay of this action is DENIED.

IT IS SO ORDERED.

Dated:   **September 9, 2015**            /s/ *Barbara A. McAuliffe*            
                                          UNITED STATES MAGISTRATE JUDGE