# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HENRY RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>C. LEWIS, et al.,<br><br>    Defendants. | Case No.  1:15-cv-01215-LJO-BAM-PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIM<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS (ECF No. 11)<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a Fresno County Jail inmate proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.  Currently before the Court is Plaintiff's complaint, filed August 5, 2015.[1]

## I.

## SCREENING REQUIREMENT

---

[1] On December 15, 2015, findings and  recommendations were entered, recommending dismissal of this action for Plaintiff's failure to keep the Court informed of his address. On December 24, 2015, Plaintiff filed objections to the findings and recommendations.  In his objections, Plaintiff notes that the address indicated on the Court's correspondence includes the street address for the Fresno County Jail, along with the Post Office Box, which delays the receipt of his mail. Plaintiff requests that his mail be sent to the Post Office Box address only.  The Court will therefore direct the Clerk to amend the address of record to include the Post Office Box only.

1

1   The Court is required to screen complaints brought by prisoners seeking relief against a
2 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).
3 The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
4 legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or
5 that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
6 1915(e)(2)(B).

7   A complaint must contain "a short and plain statement of the claim showing that the
8 pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
9 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
10 conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell
11 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate
12 that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v.
13 Williams, 297 F.3d 930, 934 (9th Cir.2002).

14   Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
15 liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d
16 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be
17 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
18 that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss
19 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant
20 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
21 liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572
22 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

25   Plaintiff, a Fresno County Jail inmate, brings this action against Fresno County Sheriff's
26 Deputies Christopher Lewis and Lawrence Lopez. Plaintiff claims that he was subjected to
27 excessive force.

28   Plaintiff alleges that on February 14, 2015, in the F Pod at the North Jail, correctional

2

1  officers responded to an inmate assault.  Three correctional officers entered F Pod and directed
2  the inmates to "rack up." (Compl. ¶ IV.)  Plaintiff alleges that Defendant Lewis removed an
3  inmate from his bed, slamming him on to the concrete.  Other inmates started getting off of their
4  bunks in protest.  In response, Defendant Lopez started swinging his baton at the inmates.
5  Defendant Lopez slipped, cutting his head on the corner of a table.  The officer then left the pod,
6  and 12 officers returned.  Defendant Lewis started shooting "pepper balls" at the inmates.  The
7  officers ordered all the inmates to get down.  All of the inmates, including Plaintiff, complied.

8  Plaintiff alleges that while he was lying on the ground and not resisting, Defendant Lewis
9  placed his knee on Plaintiff's back, placed him in handcuffs, and "punched so many times I was
10 put to sleep for about 30 sec, I could not see as I was getting hit with Officer Lewis fists, left fist
11 then right fist." (Id.)  Plaintiff yelled for help and the other officers ignored him.  Eventually an
12 officer "noticed all the blood leaking from my face and on the floor, was officer Lewis pulled off
13 me.  As I lyed there [sic] in a pool of blood, in handcuffs.  A female officer placed me on my
14 side because I was bleeding so much." (Id.)  Plaintiff was eventually taken to the gym and
15 received medical treatment.

### III.
### Discussion

**A.  Excessive Force**

19 Plaintiff does not indicate whether he was a convicted prisoner or a pretrial detainee at
20 the time of the event.  The Eighth Amendment's prohibition against cruel and unusual
21 punishment only protects convicted prisoners.  Bell v. Wolfish, 441 U.S. 520, 535 (1979);
22 Graham v. Connor, 490 U.S. 386, 395 n. 10, (1989).  It is the Due Process Clause of the
23 Fourteenth Amendment that protects pretrial detainees from the use of excessive force which
24 amounts to punishment, Gibson v. County of Washoe, Nev, 290 F.3d 1175, 1197 (9th Cir.
25 2002)(citing Graham, 490 U.S. at 395 n. 10), and the Fourth Amendment sets the applicable
26 constitutional limitations for considering such claims, Lolli v. County of Orange, 351 F.3d 410,
27 415 (9th Cir. 2003)(citing Gibson, 290 F.3d at 1198)(quotation marks omitted).

28 In resolving claims of excessive force brought by pretrial detainees, the Fourth

1  Amendment's objective reasonableness standard applies. <u>Lolli</u>, 351 F.3d at 415.  The inquiry is
2  whether Defendants' actions were objectively reasonable in light of the facts and circumstances
3  confronting them, without regard to their underlying intent or motivation.  <u>Id</u>. (citing <u>Graham</u>,
4  490 U.S. at 397).  The nature and quality of the intrusion on Plaintiff's Fourth Amendment
5  interests must be balanced against the countervailing governmental interests at stake.  <u>Id</u>.  Factors
6  may include the severity of the incident giving rise to the use of force, whether Plaintiff posed an
7  immediate threat to the safety of Defendants or others, and whether Plaintiff was actively
8  attempting to avoid being subdued or brought under control.  <u>See</u> <u>Gibson</u>, 290 F.3d at
9  1198(citation omitted).

10   The unnecessary and wanton infliction of pain violates the Cruel and Unusual
11  Punishments Clause of the Eighth Amendment.  <u>Hudson v McMillian</u>, 503 U.S. 1, 5
12  (1992)(citations omitted).  For claims of excessive physical force, the issue is "whether force was
13  applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to
14  cause harm."  <u>Hudson</u>, 503 U.S. at 7.  Although *de minimis* uses of force do not violate the
15  Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth
16  Amendment, regardless of whether or not significant injury is evident.  <u>Hudson</u>, 503 U.S. at 9-
17  10; <u>Oliver v. Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002).

18   Under either standard, the complaint, liberally construed, states a claim for excessive
19  force against Defendant Lewis for his conduct after Plaintiff was placed in handcuffs.  The
20  complaint alleges that Plaintiff was lying down, restrained and offering no resistance when
21  Defendant Lewis repeatedly punched him with both fists.  Such use of force violates the
22  objective reasonableness standard of the Fourth Amendment and the malicious and sadistic
23  standard of the Eighth Amendment.

24   As to Defendant Lopez, Plaintiff has failed to state a claim for relief.  The only conduct
25  charged to Defendant Lopez is that he started swinging his baton at other inmates in response to
26  the inmates getting off of their bunks in protest.  The allegations of the complaint indicate that
27  the inmates had been ordered to get on their bunks.  The allegations indicate that Lopez's
28  conduct was objectively reasonable and taken in an effort to maintain order or restore discipline.

Further, there are no allegations that Defendant Lopez directly caused Plaintiff injury, or in any way subjected Plaintiff to excessive force. The statute under which this action proceeds plainly requires that there be an actual connection or link between the actions of the defendants, and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has not alleged any facts linking Defendant Lopez to conduct that constitutes excessive force that caused Plaintiff injury. He should therefore be dismissed.

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against Defendant Lewis for subjecting Plaintiff to excessive force after he was placed in handcuffs. The complaint does not state a claim against Defendant Lopez. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendant Lewis on his excessive force claim, Plaintiff may so notify the Court in writing. The Court will then recommend that Defendant Lopez be dismissed for failure to state a claim. Plaintiff will then be provided one summons and one USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendant Lewis.

If Plaintiff elects to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678-679; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . Twombly, 550 U.S. at 555 (citations omitted). The mere

1  possibility of misconduct is insufficient to state a claim. Iqbal, 556 U.S. at 678. Further,
2  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended
3  complaint. George v. Smith, 507 F.3d 1467, 1474 (7th Cir. 2007)(no "buckshot" complaints).

4      Finally, an amended complaint supersedes the original complaint, Forsyth v.
5  Humana,Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.
6  1987), and must be "complete in itself without reference to the prior or superseded pleading,"
7  Local Rule 220.

8      Based on the foregoing, IT IS HEREBY ORDERED that:

9      1. The December 15, 2015, recommendation of dismissal is vacated;

10     2. The Clerk shall amend Plaintiff's address of record to remove the street address
11        for the Fresno County Jail;

12     3. The Clerk's Office shall send to Plaintiff a civil rights complaint form;

13     4. Within **thirty (30) days** from the date of service of this order, Plaintiff must
14 either:

15       a. File an amended complaint curing the deficiencies identified by the Court in this
16         order, or

17       b. Notify the Court in writing that he does not wish to file an amended complaint
18         and is willing to proceed only against Defendant Lewis on his excessive force
19         claim; and

20     5. If Plaintiff fails to comply with this order, the Court will recommend that
21        this action be dismissed for failure to obey a court order.

IT IS SO ORDERED.

    Dated: **December 29, 2015**     /s/ Barbara A. McAuliffe
                                                    UNITED STATES MAGISTRATE JUDGE