# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HENRY RODRIGUEZ,<br><br>          Plaintiff,<br><br>     v.<br><br>C. LEWIS,<br><br>          Defendant. | Case No.  1:15-cv-01215-LJO-BAM-PC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY THIS ACTION PENDING PLAINTIFF'S CRIMINAL PROSECUTION<br><br>(ECF NO. 23)<br><br>STATUS REPORT DUE<br>IN SIXTY DAYS |

Plaintiff James Henry Rodriguez is a Fresno County Jail inmate proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Pending before the Court is Defendant's motion to stay this action filed on February 29, 2016.  Plaintiff has opposed the motion.

**I**

**PROCEDURAL HISTORY**

Plaintiff, a Fresno County Jail inmate, filed this action on August 5, 2015, claiming that Defendants Fresno County Sheriff's Deputies Lewis and Lopez subjected him to excessive force. (ECF No. 1.)  On February 18, 2016, an order was entered, adopting the finding and recommendations that Defendant Lopez be dismissed. (ECF No. 22.)  Defendant Lewis was

1

served, and responded by filing the motion to stay that is before the Court. (ECF No. 23.) Plaintiff has opposed the motion. (ECF Nos. 26, 27.)

## II

## ALLEGATIONS

Plaintiff alleges that on February 14, 2015, in the F Pod at the North Jail, deputies responded to an inmate assault. Three deputies entered F Pod and directed the inmates to "rack up." (ECF No. 1, ¶ IV.) Plaintiff alleges that Defendant Lewis removed an inmate from his bed, slamming him on to the concrete. Other inmates started getting off of their bunks in protest. In response, Defendant Lopez started swinging his baton at the inmates. Defendant Lopez slipped, cutting his head on the corner of a table. The officer then left the pod, and 12 officers returned. Defendant Lewis started shooting "pepper balls" at the inmates. The officers ordered all the inmates to get down. All of the inmates, including Plaintiff, complied.

Plaintiff alleges that while he was lying on the ground and not resisting, Defendant Lewis placed his knee on Plaintiff's back, placed him in handcuffs, and "punched so many times I was put to sleep for about 30 sec, I could not see as I was getting hit with Officer Lewis fists, left fist then right fist." (Id.) Plaintiff was eventually taken to the gym and received medical treatment.

## III

## MOTION TO STAY

Defendant seeks a stay on the ground that success on the merits in this case would inevitably invalidate a state criminal prosecution of Plaintiff and a conviction related to the incident that gave rise to Plaintiff's claim. Defendant supports his motion with the declaration of Fresno County Deputy District Attorney Ryan Wells. Mr. Wells declares that on February 18, 2015, the People filed felony criminal assault charges against Plaintiff, arising from an assault upon correctional staff at the Fresno County Jail on February 14, 2015. Specifically, Plaintiff was charged with using a deadly weapon to assault two correctional officers during the incident at issue in this lawsuit, including Defendant Lewis. The criminal complaint alleges that Plaintiff committed two felony criminal counts of assault with a deadly weapon (a collapsible baton) against custodial officers, including Defendant Lewis. Plaintiff was also charged with a

Case 1:15-cv-01215-LJO-BAM Document 28 Filed 08/18/16 Page 3 of 5

misdemeanor count of inciting a riot. Plaintiff was formally arraigned on the criminal complaint on February 19, 2015. (Wells Decl. ¶¶ 3, 4.) Mr. Wells indicates that Plaintiff's criminal case is expected to do to trial "sometime in 2016." (Wells Decl. ¶ 4.)

## IV

## ANALYSIS

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 254 (1936)). The party seeking the stay bears the burden of establishing the need to stay the action. Clinton, 520 U.S. at 708.

As a general matter, prisoners may not challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or Heck bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement – either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the state's custody." Wilkinson, 544 U.S. at 81 (emphasis in original). Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration. The Ninth Circuit extended this rule to pending criminal cases in Harvey v. Waldron, 210 F.3d 1008, 1011 (9th Cir. 2002). The U.S. Supreme Court in Wallace v. Kato, 549 U.S. 384, 393-394 (2007) announced that a stay (rather than a dismissal) of a federal civil rights action until the related pending criminal prosecution is completed is necessary to avoid impugning the state conviction. It held that it was not only within the federal court's power to do so, but in fact, is the proper and common course of action. Wallace, 549 U.S. at 393-394.

A disciplinary conviction for battery on a peace officer is not necessarily inconsistent with a finding in the inmate's favor on an excessive force claim brought pursuant to a section

3

1983 claim.  In other words, an excessive force claim following a disciplinary conviction is not Heck barred as a matter of course.  Whether a finding in favor of the inmate on his section 1983 claim will necessarily invalidate the disciplinary conviction is a fact-specific inquiry, and courts have reached results depending upon the findings underlying the criminal or disciplinary conviction and the facts underlying the section 1983 claim.  See Smith v. City of Hemet, 394 F.3d 689, 697-98 (9th Cir. 2005) (excessive force claim was not Heck barred where the force occurred subsequent to the conduct upon which the conviction for willfully resisting, delaying or obstructing a peace officer in performance of duties); Cunningham v. Gates, 312 F.3d 1148, 1153-55 (9th Cir. 2002) (inmate's felony murder conviction Heck barred any civil claim that he did not provoke the incident at issue and barred his excessive force claim).

In the order finding that Plaintiff stated an excessive force claim against Defendant, the Court noted that Plaintiff did not indicate whether he was a convicted prisoner or a pretrial detainee at the time of the incident at issue.  The Court found that the use of force alleged violated the objective reasonableness standard of the Fourth Amendment and the malicious and sadistic standard of the Eighth Amendment.  Plaintiff specifically alleged that he was lying down, restrained, and offering no resistance when Defendant Lewis repeatedly punched him with both fists.  In Defendant's version of the events, Plaintiff used deadly force to attack Defendant Lewis.  Defendant Lewis argues that his conduct in defending himself is both objectively reasonable and undertaken to maintain order or restore discipline.  Further, Plaintiff was charged with inciting the incident.

Plaintiff's opposition consists of two, single page submissions titled as statements of non-opposition to the motion to stay. (ECF Nos. 26, 27.)   Plaintiff opposes the motion to stay, and argues that Defendant Lewis is lying to "cover himself."  Plaintiff makes no argument as to why his potential conviction would not necessarily be invalidated by success in this action, or how his allegations of conduct by Defendant Lewis could be consistent with the allegations in the criminal complaint filed against him.

///

///

4

# V

# CONCLUSION AND ORDER

Plaintiff's criminal charges and his excessive force claim arise from the same incident, and the two versions of the event are entirely inconsistent with one another. If Plaintiff prevailed on his claim that Defendant Lewis, unprovoked by Plaintiff and without any justification, used excessive physical force against him and injured him during the disturbance, his success would necessarily invalidate a conviction of the charges against him, which are based on the allegation that Plaintiff incited a riot and assaulted Defendant Lewis. Therefore, the Court finds that Plaintiff's excessive force claim may be barred by the favorable termination rule, and this action should therefore be stayed pending the results of Plaintiff's criminal proceeding. Heck, 512 U.S. at 489 (until and unless favorable termination of the conviction or sentence occurs prisoner has no cause of action).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to stay this action pending Plaintiff's criminal prosecution is GRANTED;
2. This action is stayed pending Plaintiff's criminal prosecution; and
3. Defendant is directed to file a status report within sixty days regarding the status of Plaintiff's criminal prosecution.

IT IS SO ORDERED.

Dated:   **August 17, 2016**            /s/ Barbara A. McAuliffe            
                                UNITED STATES MAGISTRATE JUDGE

5