UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HENRY RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTOPHER LEWIS, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-01215-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE<br><br>**FOURTEEN (14) DAY DEADLINE** |

**FINDINGS AND RECOMMENDATIONS**

**I.　Background**

　　Plaintiff James Henry Rodriguez is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　On August 17, 2016, the Court granted Defendant Lewis's motion to stay this action pending Plaintiff's criminal prosecution. (ECF No. 28.) Defendant argued that, depending on the outcome of a related state criminal prosecution of Plaintiff set to go to trial this year, his claim in this matter may be barred by the favorable termination rule in Heck v. Humphrey, 512 U.S. 477 (1994). Thus, a stay was granted pending the outcome of that criminal matter, and Defendant was ordered to file a status report within sixty (60) days. On August 26, 2016, Defendant filed that status report, indicating that Plaintiff had pleaded nolo contendre to assaulting Defendant Lewis in the incident that is the subject of this

case. (ECF No. 29.) As a result, Defendant requested that this matter be dismissed with prejudice according to Heck and Wallace v. Kato, 549 U.S. 384 (2007). (Id. at pp. 2-3.)

In the meantime, the Court's August 18, 2016 order that was served by mail on Plaintiff at his Fresno County Jail address of record was returned by the United States Postal Service as "undeliverable, not in custody." Defendant has also filed certificates of service indicating that the August 26, 2016 status report was served by mail on Plaintiff both at the Fresno County Jail and at his last known civilian address. (ECF No. 30.) As of the date of these findings and recommendations, Plaintiff has not provided any updated mailing address to the Court.

## II. Discussion

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

In this case, Plaintiff's address change was due no later than November 7, 2016. Nevertheless, Plaintiff has failed to file any change of address form and he has not otherwise been in contact with the Court.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); accord Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do,

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. Hells Canyon Preservation Council v. U. S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

and are not conditions that must be met in order for a court to take action. In re PPA, 460 F.3d at 1226 (citation omitted).

Plaintiff's failure to comply with this Court's rules, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. at 1227. More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. In re PPA, 460 F.3d at 1228-29; Carey, 856 F.2d at 1441. The Court will therefore recommend that this action be dismissed based on Plaintiff's failure to prosecute this action.

### III.  Conclusion and Recommendation

For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 30, 2016**            /s/ Barbara A. McAuliffe
                                   UNITED STATES MAGISTRATE JUDGE